IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLY FULKERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-1271-SMY |
| | ) |
| CITY OF BELLEVILLE, ILLINOIS, | ) |
| CITY OF BELLEVILLE BOARD OF | ) |
| FIRE AND POLICE COMMISSIONERS, | ) |
| and WILLIAM CLAY, III, individually | ) |
| and in his official capacity, | ) |
| | |
| Defendants. | |

## MEMORANDUM AND ORDER

Plaintiff Kimberly Fulkerson alleges that she was denied a promotion and subjected to retaliation and discrimination because of her sex, in violation of Title VII, 42 U.S.C. §2000e-5, *et seq*., 42 U.S.C. § 1983, and the Illinois Human Rights Act, 775 Ill. Comp. Stat. Ann. 5/1-101 *et seq*. Now before the Court is Defendants' Motion for Leave to File Unredacted Versions of Exhibits to Motion for Summary Judgment Under Seal (Doc. 38).

The Seventh Circuit has articulated a rigorous standard for sealing documents on the record. While "[s]ecrecy is fine at the discovery stage, before the materials enter the judicial record," "those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l., Inc. v. Abbott Labs.,* 297 F.3d 544, 545 (7th Cir. 2002). "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht,* 622 F.3d 697, 701 (7th Cir. 2010).

Here, Defendants move to file the following documents under seal:

- Internal document referring to police investigations of a former mayoral candidate;
- Excerpts from the Plaintiff's deposition regarding the surveillance of a former mayoral candidate and testimony about her husband;
- Excerpts from the deposition of Defendants' 30(b)(6) witness, Lt. Co. Eiskant, regarding several incidents involving Plaintiff;
- Excerpts from the deposition of Chief Clay regarding an investigation of Lt. Ellis;
- Internal document referring to an incident during which officers allegedly failed to exhibit courtesy;
- Internal document regarding an unprofessional squad entry;
- The component scores underlying promotion lists and supporting documents.

Defendants assert that these documents should be sealed because they are subject to a discovery protective order, their public disclosure could be embarrassing and otherwise affect the police department's reputation, their disclosure would be detrimental to the necessary confidentiality of surveillance and police procedures, and the component scores and underlying promotion lists "resemble" trade secrets.[1]  None of these reasons provide a legally sufficient basis for sealing the documents.

Defendants fail to identify an applicable statute, rule, or privilege to justify sealing.  Nor do they claim or even suggest that informers, state secrets, or vulnerable victims are named or revealed in the documents.  At the same time, given their apparent relevancy to the claims and defenses in this case, the documents will influence or underpin the Court's decision on the dispositive motion.

For the foregoing reasons, Defendants' motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 15, 2022**

**STACI M. YANDLE**
**United States District Judge**

---

[1] Defendants cite state statutes that generally delineate the process for testing police officers.  65 ILCS 5/10-1-12 (registration and eligibility list); 65 ILCS 5/10-1-13 (basis for promotion after testing).